Johnson, J.
Are the executors of Thomas Phillips, the surviving partner, as matter of law prevented from receiving compensation for services rendered in winding up the partnership business of Phillips & Jordan, in the absence of an agreement or understanding to that effect ?
From the death of Jordan in 1858, the partnership of Phillips & Jordan was in liquidation.
Until 1870 it was under the control of Phillips as survivor. After that, aud until the commencement of this suit, his executors were engaged in settling up. They have rendered faithful and valuable services, and in every respect, so far as the referee finds, have performed the duties this trust imposed, and have, from time to time, rendered statements, to which no objection was made. During the time these services were being rendered, no claim for such services was made, nor wras there any understanding with the representatives of Jordan, on the subject.
*361 During the time Thomas Phillips, as surviving partner, was employed in winding-up the firm business, he made no claim for services. Hence the question, whether a surviving partner is entitled to compensation for such services, is not involved. He died in 1870, leaving his own estate to be settled up, as well as the unfinished business of winding-up the affairs of Phillips & Jordan. The executors named in his will and appointed by the court to settle his estate, had, by becoming such executors, cast upon them the incidental duty of winding-up the partnership t)f which their testator was the survivor.
The surviving partner was a trustee in possession of the assets of the partnership, charged with the duty of collecting and converting them into money, paying debts, and, after a full settlement of the partnership concerns, distributing the surplus. Por his personal services in the performance of this duty, the general rule is, that he is not entitled to compensation. The executor or administrator of the survivor, in case of his death before such settlement is completed, is legally charged with the completion of this trust. Hence it is claimed that, as he stands in the same position as the survivor, he must execute the unsettled trust oh the same terms. Since the leading case of Robinson v. Pett, 3 Peere Williams, 132, it is the established rule in England, that a trustee, executor or administrator can have no allowance for compensation for his time or trouble in the execution of his trust. As stated by the lord chancellor in that case, the reason for this rule seems to be, “ for that, if allowed, the trust estate might be loaded and rendered of little value, besides the great difficulty there might be 'in settling and adjusting the quantum of such allowance, especially as one man’s time may be more valuable than that of another; and there can be no hardship in this respect upon any trustee who may choose whether he will accept the trust or not.” This rule applies not only to trustees strictly so called, but also to all who hold fiduciary relations as executors and administrators, mortgagees, receivers, guardians, and officers, directors and trustees of corporations. Perry on Trusts, § 904; 2 Lead. Oases in Eq. [238]. and notes to Robinson v. Pett. While those exercising such fiduciary relations had the *362 inherent equitable right to be reimbursed all reasonable expenses in the execution of the trust, yet the rule at that early day seems to have been inflexible that they should have no allowance for personal services or for loss of time in performance of their duties.
This rule against allowing compensation was borrowed from the Roman law, and has been ably defended in many cases. In Manning v. Manning, 1 Johns. Ch. 534, Chancellor Kent approves the rule in decided terms, and expresses the opinion that it would have an unfavorable influence on the prudence and diligence of trustees, were we to promote, by the hopes of reward, a competition, or even a desire for the possession of private trusts that relate to the moneyed concerns of others.
This rule was equally applicable to an executor or administrator of a surviving partner ; for, as a surviving partner was a trustee, bound to serve without compensation in winding-up the firm business, so his personal representative was bound to complete the execution of this trust as a gratuitous duty. Stocken v. Dawson, 6 Beav. 371; Burden v. Bwden, 1 V. & B. 170.
The English rule, as above stated, has never been received with favor in this country. It was found that the subject of a trustee’s compensation was intimately connected with that of his liability. It was claimed, and even decided, that the gratuitous nature of his services distinguished him from a bailee for hire, and that he was only liable for very supine negligence; but the foundation of this distinction fails when the trust has been accepted on terms of receiving a stipulated reward. Exp. Cassell, 3 Watts, 443. In that case it was said that a trustee is only answerable for such gross negligence as to be evidence of willful misconduct, but that rule is not for cases in which the trustee is to receive a stipulated compensation.
In Boyd v. Hawkins, 2 Dev. Eq. 334, it was said : “ The state of our country, and habits of our people, are so different as to have induced the legislatures of nearly all the states to introduce provisions, by statute, for competent remuneration to those to whom the law commits the care and charge of the estates of infants and deceased persons.....And the *363 equity of the statute is by construction generally extended to conventional trustees when the agreement is silent.”
The policy of the English rule was strongly condemned by Judge Story. He says (2 Story Eq. Jur. § 1268, n.): “The policy of the law ought to be such as to induce honorable men, without sacrifice of their private interest, to accept the office, and to take away the temptation to abuse the trust for mere selfish purposes, as the only indemnity for services of an imimportant and anxious character.”
Such is the view generally taken in this country, as appears in the note of American editors to the case of Robinson v. Pett, 2 Lead. Cases in Equity; see also, Barney v. Saunders, 16 How. (S. C.) 542, where the general ruléis comprehensively stated in favor of compensation for a proper execution of a trust. It is there stated that: “ In England the courts of equity adhere to the principle which has its origin in the Roman law, ‘ that a trustee shall not profit by his trust,’ and, therefore, a trustee shall have no allowance for his care and trouble. A different rule prevails generally, if not universally, in this country. Here it is considered just and reasonable that a trustee should receive a fair compensation for his services.”
In no state has the policy of allowing compensation to those to whom the law commits such trusts been more clearly marked than in Ohio. Provision is made by statute for compensation to executors, administrators and guardians of infants, lunatics and idiots. These provisions include allowances to receivers, trustees of insolvents, personal representatives of deceased guardians who have not made final settlement, and to all trustees generally of any non-resident idiot, imbecile or lunatic appointed by the probate court, or to any trustee created by will or deed, or appointed by any competent authority, to execute any trust created by deed or will. Revised Stat. § 6328, 6333 ; 70 Ohio L. 100.
It has never been the policy to treat persons holding fiduciary relations as gratuitous bailees or trustees, but as bailees for hire, and bound to the highest degree of good faith and diligence, and to the exercise of that reasonable skill which is commensurate with the character of the trust they have *364 undertaken, and for which they are to receive a compensation.
This rule applies to the personal representatives of a surviving partner, to whom the law commits the duty of settling up the business of the partnership, as well as for settling the individual estate of the surviving partner. It is an error to say, that, as to compensation, he stands in the same relation to the unsettled partnership estate as the survivor did. Tie is the appointee of the court having jurisdiction of the settlement of the estate of the survivor.
As an incident to the settlement of that estate, he must settle the partnership estate. ILe cannot accept the former duty without having the latter imposed upon him, unless equity, for sufficient reasons, appoints a receiver or trustee to settle the partnership separately, and relieves him from this incidental trust. Unless he is relieved from this trust by agreement of the parties, or by a competent court, it is part of his official duty as representative of the survivor to wind up the partnership, and ascertain and distribute the surplus or liability of the deceased partners before he can finally settle the individual estate. In the performance of this duty he is entitled to a reasonable compensation where he has been faithful to his trust. The court below, as a court of equity, had jurisdiction to make a final settlement of this trust, ascertain the surplus, if any, and to order its distribution. In doing so, the question of compensation and its amount was properly before it upon the merits. It was not precluded, for the reasons stated by the referee, from making such allowance as was reasonable. These executors were, under the circumstances stated, entitled to a reasonable compensation out of the fund benefited.
We are not called on in this case to determine the amount of such compensation, as the only question here is, whether, as matter of law, these executors are precluded from being allowed any compensation, out of the trust fund, for their services, when they have properly'executed the trust, and have rendered important and valuable services to the common estate %
Upon the death of Jordan, the partnership property did *365 not become that of his surviving partner burdened with the trust, but his death dissolved the partnership, and the ownership of the property was that of tenants in common, with the sole right of possession in the survivor to settle up the business. In doing so, he was a trustee of the firm. Upon his death, the law cast that duty upon his personal representative, not as owner of the property, but as a trustee in possession, acting for the estates of all the deceased partners.
If it be claimed, that the compensation for these services should be allowed out of the share of the surplus to be distributed to the estate of the survivor, or out of the general estate of the survivor. The answer to this is: 1st. There may be no such surplus, but a liability, or no individual estate; or, 2d. It is too well settled to be controverted, that a trust estate is properly burdened with all proper charges for the execution of the trust. It would be inequitable to impose this burden on one only of the beneficiaries, when all are equally benefited.

Judgment reversed, and cause remanded.